IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LAFAYETTE DEANDRE VAN,

      Petitioner,

v.

R.D. KEYES,[1]

      Respondent.

OPINION AND ORDER

Case No. 22-cv-379-wmc

Petitioner Lafayette D. Van is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Before the court for preliminary review is Van's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Van claims that he is entitled to pre-release custody by virtue of the good time credit he has earned under the First Step Act ("FSA credits"). Because Van's request for relief is moot, the court is denying his petition and closing this case.

OPINION

The FSA permits eligible inmates who complete recidivism reduction programs or activities to receive FSA credits toward time in pre-release custody or supervised release. *See* 18 U.S.C. §§ 3632(d)(4)(A) and (C). To determine whether an inmate may earn FSA credits, the BOP conducts a risk and needs assessment called the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN"). The PATTERN places the inmate in

---

[1] Petitioner also lists the Director of the Bureau of Prisons and the United States Attorney General as respondents. Because the only proper respondent to a § 2241 petition is the petitioner's custodian, the court includes only FCI-Oxford's warden as respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases.

one of four recidivism risk categories: high, medium, minimum or low. After the PATTERN score is assessed, the inmate must successfully complete programs and activities to earn FSA credits. However, to actually apply those earned FSA credits towards pre-release custody or supervised release, §§ 3624(g)(1)(A)-(C) requires that the inmate must: (1) have earned FSA credits in an amount equal to the remainder of the inmate's term of incarceration; (2) show through periodic risk assessments a demonstrated recidivism risk reduction, or maintain a minimum or low risk while imprisoned; and (3) had the reminder of the imposed term of imprisonment be computed under applicable law. Additionally, to apply FSA credits towards pre-release custody in particular, the inmate must either (1) maintain a minimum or low recidivism risk through the two prior assessments, or (2) obtain approval from the warden for transfer to pre-release custody, with the warden determining that the inmate is not a danger to society, has made a good faith effort to lower his recidivism risk and is unlikely to recidivate. § 3632(g)(1)(D)(i).

Van is serving a 213-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). His projected statutory release date is July 16, 2023. In February 2022, Van submitted a Request for Administrative Remedy to FCI-Oxford's Warden Keyes, asking to be placed in pre-release custody or supervised release. On March 15, 2022, Warden Keyes responded that although Van could earn FSA credits, he was not entitled to application of FSA credits because his PATTERN score was "high." Van filed a Regional Administrative Remedy Appeal. The Regional Director affirmed Keyes' conclusion because First Step credits can only be applied to inmates with medium or low risk of recidivism. Van appealed to the Regional office, which was denied, so Van

appealed to the Central Office.  The BOP had not responded to this appeal when Van filed this petition.

In the meantime, Van's PATTERN score changed.  Whereas in April 2022, Van was deemed high risk on his PATTERN score, in June Van's risk PATTERN score was reduced to medium.  On August 4, 2022, a referral was submitted for RRC placement.  The BOP has given Van a date of November 22, 2022, for his transfer to prerelease custody, and he is expected to move on that date.  Despite that recent development Van asks that the court direct Warden Keyes to assess whether he is entitled to FSA credits.

Van claims that the BOP, United States Attorney General and Warden Keyes are violating the First Step Act by creating a regulation that excludes prisoners classified as medium or high risk of recidivism from applying time credits towards transfer to pre-release.  Van asks that the court direct Warden Keyes to consider whether he should be transferred to pre-release custody under § 3624(g)(1)(D)(i) and to comply with § 3632(a)(7).  Responded opposes the petition on the ground that it is moot and because § 2241 is not the means by which Vans may challenge the BOP's handling of his request for FSA credits.  The court need only address the mootness question.

Van insists that his petition is not moot because he wants to address Warden Keyes' failure to consider the factors set forth in § 3621(g)(1)(D)(i).  Van points to Warden Keyes' superficial response to his March 3 request, which he says shows that the warden considered only his PATTERN score.  Although Warden Keyes' March 2022 response did not make specific findings under the § 3621(g)(1)(D)(i) factors, there is no dispute that the BOP has since taken up and specifically addressed the timing of Van's pre-release

placement, with the plan to move him into an RRC on November 22, 2022.  Van has not explained how he remains aggrieved now that his FSA credits have been applied and he has been scheduled for pre-release within the next two months.  Instead, Van insists that the court must direct the warden to make an assessment as to the application of FSA credits under § 3621(g)(1)(D)(i)(ll)(aa), (bb), and (cc) for him and any other eligible prisoner. However, because he received his FSA credits, Van's petition is moot because and Van cannot pursue a petition seeking relief for other prisoners' injuries.  *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Massey v. Helman*, 196 F.3d 727, 739-40 (7th Cir. 1999) ("[A] litigant must assert his own legal rights and cannot assert the legal rights of a third party.") (citations omitted).  Accordingly, Van's petition will be denied as moot.

ORDER

IT IS ORDERED THAT:

1. Lafayette Deandre Van's petition under 28 U.S.C. § 2241 is DENIED as moot.

2. The clerk of court is directed to close this case.

   Entered this 20th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge